THIBODEAUX, Chief Judge,
dissenting in part.
IjThe majority affirms the judgment of the Office of Workers’ Compensation limiting the payment of the outstanding pharmacy bill to $750.00 pursuant to La.R.S. 23:1142. In my view, that is erroneous.
Louisiana Revised Statutes 23:1142(B)(1) and (B)(2)(a) repeatedly refer to “diagnostic testing” and “treatment.” It does not, as the majority opinion concedes, include prescription medication as part of nonemergency diagnostic testing or treatment. The diagnostic testing and treatment are the only matters that are subject to the $750.00 cap, not medication.
The more specific provisions of Part II of Chapter 10 entitled “Benefits” should properly apply. Louisiana Revised Statutes 23:1203(A)(B)(D) and (E) all specifically refer to “drugs,” “supplies,” or “services.” The majority, in my view, is interpreting La.R.S. 23:1203 much too re-strietively and focuses undue attention on references to “employer” and “employee.”
For the foregoing reasons, I respectfully dissent in part.